UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -v-

THOMAS DONAHUE,
    a/k/a "Roy Dwyer,"
    a/k/a "Tre,"

          Defendant.

No. 13-cr-340-1 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      WHEREAS, on or about May 8, 2013, THOMAS DONAHUE, a/k/a "Roy Dwyer," a/k/a "Tre" (the "Defendant"), was charged in an Indictment, 13 Cr. 340 (RJS) (the "Indictment"), with conspiracy to distribute 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 846 (Count One);

      WHEREAS, on or about June 18, 2013, the Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 100 kilograms and more of mixtures and substances containing detectable amounts of marijuana, a lesser included offense of Count One of the Indictment, pursuant to a plea agreement, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States any and all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the narcotics offense alleged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit, and to facilitate the commission of the narcotics offense charged in Count One of the Indictment, including a sum of money equal to $1,500,000 in United States currency, representing proceeds obtained directly or indirectly as a result of the narcotics offense alleged in Count One of the Indictment;

WHEREAS, on or about October 25, 2013, the Court entered an Order of Forfeiture, imposing a money judgment against the Defendant in the amount of $1,500,000 (the "Money Judgment"), representing any and all property obtained, directly or indirectly, as a result of the narcotics offense alleged in Count One of the Indictment;

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and/or omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

a. $375.00 in United States currency, which was seized on or about April 15, 2013 from the Defendant at the time of his arrest;

b. $1,020.00 in United States currency, which was seized on or about April 15, 2013 from storage unit 1143, at 47-32 32nd Place, Long Island City, New York; and

c. One Gents Tag Heuer "Aquaracer" chronotomer, stainless steel model #CAF1010, which was seized on or about April 15, 2013 from the Defendant at the time of his arrest;

(the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.  All of the Defendant's right, title and interest in the Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.  Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3.  Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.  The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts

supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

SO ORDERED.

Dated: New York, New York
November 21, 2022

HONORABLE RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation